1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OLGA CEPEDA, PH.D., a single person, | NO:  12-CV-5026-TOR |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| COLUMBIA BASIN COMMUNITY COLLEGE, a subdivision of the State of Washington and/or a Washington municipal corporation; RICHARD CUMMINS and JANE DOE CUMMINS, husband and wife; GARY OLSON and JANE DOE OLSON, husband and wife; and JOHN DOES 1-20 | |
| Defendants. | |

BEFORE THE COURT is Defendants' Motion for Partial Summary

Judgment (ECF No. 11).  This matter was heard without oral argument on

November 28, 2012.  The Court has reviewed the relevant pleadings and

supporting materials and is fully informed.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 1

BACKGROUND

In her Complaint filed February 27, 2012, Plaintiff alleges that Defendants violated 42 U.S.C. § 1983 and the Washington Constitution; negligently failed to observe employment practices and procedures; and violated Washington's Law Against Discrimination ("WLAD").  ECF No. 1.  Plaintiff claims that she was repeatedly rejected for "tenure track" positions for pretextual reasons.  Presently before the Court is Defendants' Motion for Partial Summary Judgment, filed on October 9, 2012, asking the Court to dismiss Columbia Basin Community College as a party to this litigation based on Eleventh Amendment immunity.  Plaintiff has filed no response to the pending motion.

DISCUSSION

**A. Standard of Review**

The  Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the Court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 327, 378 (2007).

## B. Eleventh Amendment Immunity

As an initial matter, the Court notes that under Local Rule 7.1(e), "failure to file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default." Plaintiff, who is represented by counsel, has failed to file an opposing memorandum of points and authorities. Thus, the Court will consider this failure as consent by Plaintiff to the entry of an adverse Order.

Regardless of this presumed consent, the Court finds as a matter of law that Defendant Columbia Basin Community College is entitled to Eleventh

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

Amendment immunity.  "The Eleventh Amendment erects a general bar against federal lawsuits brought against a state." *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).  There are two recognized exceptions to Eleventh Amendment immunity: congressional abrogation or waiver by the state consenting to suit in federal court.  *See Micomonaco v. State of Wash.*, 45 F.3d 316, 319 (9th Cir. 1995).  Under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.  *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (holding the community college district is a state entity that possesses eleventh amendment immunity from a § 1983 claim).

Defendants argue that, as in *Mitchell*, Columbia Basin Community College is entitled to immunity from suit in federal court by virtue of the Eleventh Amendment because it is a community college district created by Washington State statute.  *See* RCW 28B.50.040.  The Washington Supreme Court has held that, although RCW 28B.50 does not explicitly state that community college districts are state agencies, an examination of the statute "clearly indicates the legislature intended that each district's board of trustees is to act on behalf of the state and that each district is to be a state agency subject to the ultimate supervision and control of the state…." *Centralia College Ed. Ass'n v. Bd. of Trustees of Community College Dist. No. 12*, 82 Wash.2d 128, 130 (1973).

The Court finds as a matter of law that Columbia Basin Community College is an agency of the State of Washington and is therefore shielded from suit in this federal court by Eleventh Amendment immunity. Therefore, Defendant Columbia Basin Community College is dismissed from this action.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Summary Judgment is **GRANTED**.

2. Defendant Columbia Basin Community College is **DISMISSED** from this action with prejudice as to the § 1983 claim and without prejudice as to the state law claims.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel, terminate Columbia Basin Community College as a Defendant and adjust the caption of this case accordingly.

**DATED** this 4th day of December, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5