UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OLGA CEPEDA, PH.D., a single person, | NO:  12-CV-5026-TOR |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| RICHARD CUMMINS and JANE DOE CUMMINS, husband and wife; GARY OLSON and JANE DOE OLSON, husband and wife; and JOHN DOES 1-20 | |
| Defendants. | |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 16).  This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

Plaintiff Olga Cepeda brings a 42 U.S.C. § 1983 claim against Defendants

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

alleging violations of due process and the First Amendment.  Plaintiff also alleges

that Defendants violated the Washington Law Against Discrimination ("WLAD"),

the Washington Constitution, and were negligent "in the application of

employment policies."  ECF No. 1 at 10-11.  Presently before the Court is

Defendants' Motion for Summary Judgment on all claims. [1]

## FACTS

Plaintiff was hired as an adjunct professor at Columbia Basin College (the

"College") on or around November 2003.  ECF No. 1 at ¶ 12.  Defendant Gary

Olson ("Olson") appointed Plaintiff to all of her adjunct positions after he became

[1] Plaintiff filed "Objections to Defendants' 'Reply Statement of Material Facts'"
(ECF No. 51), asking the Court to strike multiple statements from Defendants'
Reply Statement of Material Facts (ECF No. 49).  First, the Court notes that
Plaintiff failed to comply with LR 56.1(b) requiring a party who opposes a motion
for summary judgment to set forth specific facts asserted by the moving party that
the opposing party disputes.  However, Plaintiff's Declaration (ECF No. 46)
adequately responds to Defendant's Statement of Material Facts, and the Court will
consider this Declaration as the requisite response.  Additionally, the Court does
not rely on any of the evidence challenged by Plaintiff for the substance of its
ruling on summary judgment, and thus declines to strike any portion of
Defendants' Reply Statement of Material Facts.

interim dean in 2006, and in June of 2007 Plaintiff was offered and accepted a one-year temporary full-time appointment only for the 2007-2008 school year. *See* ECF No. 19 at Ex. 2; *see also* Cepeda Decl., ECF No. 46 at ¶ 6. Defendant Olson had discretion in deciding who to appoint for employment on an adjunct or temporary basis. ECF No. 20 at ¶ 3. In April of 2008, during her one-year appointment, Plaintiff was informed that she was not selected for a full-time tenure track position. According to her deposition testimony, Plaintiff was "frustrated" by this decision and asked to know exactly why she was not selected. ECF No. 50 at 7-8. It is undisputed that in response to the committee's determination, Plaintiff informed Defendant Olson that she would no longer be teaching at the College after her one-year contract expired.

Defendants contend that, prior to her resignation, Plaintiff had agreed to teach courses during the summer 2008 quarter. Plaintiff received a preliminary schedule in January of 2008 that listed her as an instructor; written confirmation of additional course assignments for the 2008 summer quarter in March of 2008; and verbal confirmation of the College's willingness to continue employing Plaintiff as an adjunct professor at the College. *See* ECF No. 47 at 18-19; ECF No. 50 at 6-7. Defendants contend that as a result of Plaintiff's "abrupt" resignation, the College was forced to find a replacement for the previously scheduled summer courses for which students had already begun to register. ECF No. 20 at ¶ 4. Plaintiff argues

that she never agreed to teach classes scheduled for the summer and her resignation was not "abrupt" because she gave notice far in advance of the proposed summer classes. *See* Cepeda Decl., ECF No. 46 at ¶¶ 4-5.

After her departure from the College, Plaintiff filed a complaint with the EEOC in June 2008. ECF No. 19 at 8-9. It is undisputed that the Washington Human Rights Commission investigated the complaint and determined in January 2009 that there was no evidence of discrimination. ECF No. 19 at 15-16. Beginning in April of 2010, Plaintiff began expressing interest in teaching positions at the College. Over the next two years she applied for four adjunct positions and one tenure position. ECF No. 46 at ¶ 17. On each of these occasions the College has admittedly "avoided the selection of [Plaintiff] as an adjunct professor," due to the "unacceptable" nature of her previous "reneging on her teaching agreement." Olson Decl., ECF No. 20 at ¶¶ 5-6. On February 27, 2012, Plaintiff filed the instant lawsuit.

DISCUSSION

**A. Standard of Review**

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must only consider admissible

evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law.  *Id.* at 248.  Further, a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party.  *Id.*  The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**B. Abandoned Claims**

Plaintiff's Complaint alleges violations of due process and the First Amendment under 42 U.S.C. § 1983; violation of the Washington Constitution; and "negligence in the application of employment policies."  ECF No. 1 at 9-11. Summary judgment is proper on these claims.  First, Plaintiff abandons these claims by declining to address them in her responsive briefing or attached

1    declaration.  *See Davis v. City of Las Vegas*, 478 F.3d 1048, 1058 (9th Cir.

2    2007)("A party abandons an issue when it has a full and fair opportunity to

3    ventilate its views with respect to an issue and instead chooses a position that

4    removes the issue from the case.").  Alternatively, even examining these claims

5    under the requisite summary judgment standard, Plaintiff fails to identify even a

6    scintilla of evidence showing a genuine issue of material fact as to any of these

7    claims.  *See Anderson*, 477 U.S. at 252.  Thus, the Court will grant summary

8    judgment for Defendants on these four claims.

9    **C. WLAD Claims**

10           The WLAD protects employees from discrimination on the basis of "race,

11   creed, color, [or] national origin," and retaliation by an employer for engaging in

12   statutorily protected activity.  *See* Wash. Rev. Code § 49.60.180(2); Wash. Rev.

13   Code § 49.60.210.  To evaluate a motion for summary judgment in an employment

14   discrimination or retaliation claim under the WLAD, Washington courts generally

15   use a burden shifting analysis when the plaintiff lacks direct evidence of

16   discriminatory animus.  *See Hill v. BCTI Income Fund-I*, 144 Wash.2d 172, 188

17   (2001), *overruled on unrelated grounds by McClarty v. Totem Elec.*, 157 Wash.2d

18   214 (2006); *see also Milligan v. Thompson*, 110 Wash. App. 628, 638 (Ct. App.

19   2002)(noting burden shifting analysis is the same for discrimination and retaliation

20   claims under the WLAD).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

1
2
3
4

> Under this framework, the plaintiff has the initial burden of proving a prima facie case. Once the plaintiff establishes a prima facie case, an inference of discrimination arises. In order to rebut this inference, the defendant must present evidence that the plaintiff was terminated for a legitimate reason. The plaintiff must then show that the proffered reason is a pretext for discrimination. The plaintiff has the final burden of persuading the trier of fact that discrimination was a substantial factor in the termination decision.

5
6
7

*Domingo v. Boeing Employees' Credit Union*, 124 Wash. App. 71, 77 (Ct. App. 2004)(*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973))(internal citations omitted).  Therefore, summary judgment is proper if (1) the plaintiff

8
9
10
11
12

cannot provide specific and material facts supporting every element of the prima facie case, (2) plaintiff cannot provide evidence that the defendant's actions were pretextual, or (3) if no rational trier of fact could conclude that the action was discriminatory.  *Id*. at 77-78.  The Court will apply the foregoing analysis to Plaintiff's claims of discrimination and retaliation.

13
14
15
16
17
18
19
20

As an initial matter, the Court notes that discrimination claims under the WLAD are subject to the general three year statute of limitations for personal injury actions.  Wash. Rev. Code § 4.16.080(2); *see also Antonius v. King County*, 153 Wash.2d 256, 261-62 (2004).  For discrete retaliatory or discriminatory acts, including failure to hire, the limitations period runs from the act itself, "and if the limitations period has run, a discrete act is not actionable."  *Antonius*, 153 Wash.2d at 264.  Thus, any failure to hire Plaintiff in an adjunct or tenure track position

1  prior to February of 2009 falls outside the applicable statute of limitations period

2  and will not be considered by the Court.

3             1.  Race Discrimination

4             After reviewing Plaintiff's Complaint, it is unclear to the Court whether

5  Plaintiff is asserting a race discrimination claim.  See ECF No. 1.  In addition,

6  Plaintiff offers negligible argument in her responsive briefing that could

7  conceivably pertain to a race discrimination claim.  *See* ECF No. 30 at 5-6.

8  However, the Court will briefly address the issue as it was raised by Defendants.

9             To establish a prima facie case of discrimination on the basis of race,

10  Plaintiff must demonstrate that (1) she is a member of a racial minority; (2) she

11  applied for and was qualified for an available job; (3) despite her qualifications,

12  she was not offered the position; and (4) after her rejection, the position remained

13  open and the employer continued to seek applications from other persons with the

14  Plaintiff's qualifications.  *Hill*, 144 Wash.2d at 181.  Defendants concede that the

15  record arguably supports the first three elements of a prima facie case of race

16  discrimination, but argue there is no evidence demonstrating that the College held

17  the relevant positions open after Plaintiff was rejected.  ECF No. 48 at 7-8.  The

18  Court agrees.

19             The Court acknowledges that at the summary judgment stage, a plaintiff's

20  prima facie burden is "minimal and does not even need to rise to the level of a

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8

1    preponderance of the evidence." *Fulton v. Dep't of Soc. & Health Servs.*, 169

2    Wash. App. 137, 152 (Ct. App. 2012) (*quoting Wallis v. J.R. Simplot Co.*, 26 F.3d

3    885, 889 (9th Cir. 1994)).  However, in order for Plaintiff to overcome a motion

4    for summary judgment, she must "do more than express an opinion or make

5    conclusory statements." *Marquis v. City of Spokane*, 130 Wash.2d 97, 105 (1996).

6    She must establish "specific and material facts" to support each element of the

7    prima facie case.  *Id*.  Here, the only argument remotely related to a race

8    discrimination claim is Plaintiff's conclusory statement in her briefing that "she

9    was treated differently than the non-Hispanics in her department," because "other

10   non-Hispanics, were regularly re-employed after they terminated their contracts."

11   ECF No. 30 at 6.  Neither Plaintiff's responsive briefing nor her attached

12   declaration offer any specific or material facts to suggest that the positions she

13   applied for from 2010-2012 were held open after she was not hired or that the

14   College continued to seek applicants from other persons with Plaintiff's

15   qualifications.

16        The Court acknowledges that under Washington law, summary judgment in

17   favor of the employer is often inappropriate because evidence generally "contain[s]

18   reasonable but competing inferences of both discrimination and nondiscrimination

19   that must be resolved by a jury." *Kuyper v. State*, 79 Wash. App. 732, 739 (Ct.

20   App. 1995).  However, the Court finds Plaintiff failed to show any genuine issues

1    of material fact as to the fourth element of her prima facie case of race

2    discrimination, and thus summary judgment is appropriate under the burden

3    shifting analysis.  *See Domingo*, 124 Wash. App. at 77.

4        2. Retaliation

5        Plaintiff contends that Defendants' failure to hire her in an adjunct or tenure

6    track position, and alleged "blacklisting" by preventing her from gaining

7    employment at other schools or colleges,[2] was retaliation in violation of the

8    WLAD.  Under the WLAD, it is "unfair practice for an employer … to discharge,

9    expel, or otherwise discriminate against any person because he or she has opposed

10   any practices forbidden by this chapter, or because he or she has filed a charge,

_____

11   [2] Plaintiff offers no evidence of the alleged "blacklisting" at other educational

12   institutions, aside from the entirely conclusory statement that potential employers

13   "always contact past employers," and thus "it follows that [Defendant Olson] is

14   central to why [Plaintiff] is prevented from working not just at [the College] but

15   also at other teaching institutions that began rejecting my applications *AFTER* my

16   resignation from [the College] in April of 2008."  ECF No. 46 at ¶ 7.  Plaintiff also

17   offers no legal support for the contention that preventing Plaintiff from being

18   employed at a different institution was an adverse employment action.  For these

19   reasons, the Court confines its analysis to Defendants' refusal to hire Plaintiff

20   when she applied for positions in 2010-2012.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 10

testified, or assisted in any proceeding under this chapter." Wash. Rev. Code §

49.60.210(1). To establish a prima facie case of retaliation, Plaintiff must show

that (1) she was engaged in statutorily protected activity; (2) her employer took

adverse employment action against her; and (3) there was a causal link between the

protected activity and the adverse employment action. *Milligan*, 110 Wash. App.

at 638. Defendants concede that Plaintiff has established the first two elements of

her prima facie case under the burden-shifting analysis. ECF No. 48 at 9. First, it

is undisputed that Plaintiff engaged in statutorily protected activity when she filed

an EEOC complaint in June 2008 claiming discrimination on the basis of race and

national origin. [3] ECF No. 19 at 8. Second, Defendants acknowledge that Olson

---

[3] While the filing of an EEOC complaint is undoubtedly a statutorily protected

activity, Plaintiff also appears to argue that the first element of her prima facie case

can be met by establishing that "she exercised her employment right to give her

notice of termination within a reasonable time before the end of her employment

term." ECF No. 30 at 5 (*citing Anica v. Wal-Mart Stores, Inc.*, 120 Wash. App.

481, 490-91 (Ct. App. 2004)). However, *Anica* is distinguishable from the instant

case because the employee plaintiff in *Anica* exercised her right to pursue workers

compensation benefits and filed a retaliation charge under RCW 51.48.025. *Id*.

Here, Plaintiff only claims retaliation in violation of the WLAD. Moreover,

Plaintiff offers no case law, nor can the Court discern any support for the argument

took an adverse employment action by not hiring Plaintiff when she applied for adjunct and tenure track positions beginning in April 2010.  ECF No. 20 at ¶ 6; *see Crownover v. Dep't of Transp.*, 165 Wash. App. 131, 148 (Ct. App. 2011)(defining adverse employment action as any tangible change in employment status, including hiring).

Thus, the only remaining prima facie element for the Court to consider is whether Plaintiff demonstrates a causal link between the filing of the EEOC complaint and Olson's subsequent decision not to hire Plaintiff for adjunct and tenure track positions two years later.  Defendants argue that the events were not close in proximity, and Plaintiff has no evidence of a causal link. [4]  To establish causation at the prima facie stage, Plaintiff must demonstrate that the retaliation

_____

that giving notice of termination before the end of an employment term is a statutorily protected activity recognized under RCW 49.60.  Thus, the Court declines to consider this alternate theory of statutorily protected activity, and confines its analysis to the EEOC complaint.

[4] The only argument offered by Plaintiff to support the causal element is that "the causal connection is provided by the testimony of Mr. Olson, himself."  ECF No. 30 at 6.  The Court finds this argument perplexing and inapposite in light of the fact that Plaintiff offers no testimony from Mr. Olson as evidence to support her retaliation claim.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 12

1   was a substantial factor, although not the sole factor, motivating the employer's

2   adverse employment action.  *Burchfiel v. Boeing Corp.*, 149 Wash. App. 468, 482

3   (Ct. App. 2009).  "Because employers rarely will reveal they are motivated by

4   retaliation, plaintiffs ordinarily must resort to circumstantial evidence to

5   demonstrate retaliatory purpose."  *Vasquez v. Dep't of Social and Health Servs.*, 94

6   Wash. App. 976, 985 (Ct. App. 1999).  Proximity in time between the protected

7   activity and the adverse employment action, along with evidence of satisfactory

8   work performance, are factors that may suggest an improper motive.  *Campbell v.*

9   *State*, 129 Wash. App. 10, 23 (Ct. App. 2005).

10          Here, Plaintiff engaged in protected activity in June 2008.  She contends that

11  Defendants took adverse action against her starting in April of 2010 by failing to

12  hire her in an adjunct or tenure track position.  The Court finds this almost two-

13  year span of time between the protected activity and the alleged retaliatory action

14  fails to raise the inference of retaliatory motive.  Further, Plaintiff offers no

15  evidence of satisfactory work performance aside from Plaintiff's statement that

16  before April of 2008 Olson "repeatedly selected me for employment, proving that

17  my credentials, qualifications, and abilities are faultless."  ECF No. 46 at ¶ 6; *see*

18  *also* ¶ 25 (referring to herself as "industrious, helpful, and respectful" and " team

19  player with good work ethics" who "maintained a good professional teaching

20  reputation.").  Plaintiff's self-serving statement regarding her work performance,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 13

1    with no additional evidence, is not sufficient for the Court to find that Plaintiff's

2    filing of the EEOC complaint was a substantial motivating factor in the decision

3    not to hire her several years later.

4          Washington courts also allow an employee to establish the causation

5    element of a prima facie case by showing that the employee participated in a

6    protected activity, the employer had knowledge of the activity, and the employee

7    suffered an adverse employment action.  *See Estevez v. Faculty Club of Univ. of*

8    *Wash.*, 129 Wash. App. 774, 799 (Ct. App. 2005).  Again, Defendants conceded

9    that Plaintiff participated in a protected activity by filing the EEOC complaint, and

10   that she suffered adverse employment action when Defendants refused to hire her

11   almost two years later.  However, Plaintiff offers no argument or evidence that

12   Defendants Olson and Cummins had any knowledge of the filing of the EEOC

13   complaint.  The College itself certainly had knowledge of the protected activity, as

14   evidenced by a letter responding to the Washington State Human Rights

15   Commission's investigation.  ECF No. 47, Ex. A.  However, this letter is not

16   signed, nor does it indicate that either Defendant Olson or Defendant Cummins had

17   knowledge of Plaintiff's protected activity.

18          For all of these reasons, the Court finds that Plaintiff fails to establish a

19   prima facie case of retaliation in violation of the WLAD.  Although mindful of the

20   minimal level of proof required to establish a prima facie case, the Court can

1   discern no evidence of a causal link between Plaintiff's filing of an EEOC

2   complaint and Defendants' failure to hire her almost two years later.  Thus,

3   summary judgment is proper as Plaintiff did not provide specific and material facts

4   supporting every element of her prima facie case.  *See Domingo*, 124 Wash. App.

5   at 77-78.

6   **ACCORDINGLY, IT IS HEREBY ORDERED:**

7       1.  Defendants' Motion for Summary Judgment, ECF No. 16, is

8           **GRANTED**.

9       The District Court Executive is hereby directed to enter this Order, provide

10  copies to counsel, enter judgment accordingly, and CLOSE the file.

11      **DATED** May 2, 2013.



                          THOMAS O. RICE
                     United States District Judge