


Case 2:12-cv-05026-TOR   Document 57   Filed 05/22/13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OLGA CEPEDA, PH.D., a single person,<br><br>        Plaintiff,<br><br>  v.<br><br>RICHARD CUMMINS and JANE DOE CUMMINS, husband and wife; GARY OLSON and JANE DOE OLSON, husband and wife; and JOHN DOES 1-20<br><br>        Defendants. | NO: 12-CV-5026-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration of the Order Granting Defendants' Motion for Summary Judgment (ECF No. 56). This matter was submitted without oral argument. The Court has reviewed the motion and is fully informed.

///

///

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

## DISCUSSION

As an initial matter, the Court observes that a person represented by an attorney does not have a right to simultaneous self-representation. *See e.g., Brasier v. Jeary*, 256 F.2d 474, 478 (8th Cir. 1958). Plaintiff's attorney has not withdrawn from the case and thus, he remains Plaintiff's attorney for all post judgment motions including motions for reconsideration. However, the attachments to the instant motion clearly show that Plaintiff's attorney has now abandoned her case. See ECF No. 56 at 8-10. Accordingly, the Court will briefly address the issues raised by the Plaintiff.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff asks the Court to reconsider its ruling on summary judgment based on evidence not previously provided to the Court, including: (1) several positions she applied for remained open after she was rejected; (2) Defendant Gary Olson ("Olson") was aware of her EEOC claim; and (3) proof of satisfactory work performance.

First, Plaintiff contends that she can support her claim of race discrimination with proof that the jobs she applied for remained open after she was rejected. However, Plaintiff only offers evidence that she applied for certain positions, without any indication that these positions remained open. *See* ECF No. 56 at ¶ 2. In addition, Plaintiff merely restates the same conclusory arguments previously made in her response to summary judgment that every successful applicant hired in positions she applied for was a "white, non-Hispanic American." ECF No. 56 at ¶ 1. Thus, the Court upholds its ruling on Plaintiff's race discrimination claim for the same reasons indicated in its prior Order. Specifically,

> in order for Plaintiff to overcome a motion for summary judgment, she must "do more than express an opinion or make conclusory statements." *Marquis v. City of Spokane*, 130 Wash.2d 97, 105 (1996). She must establish "specific and material facts" to support each element of the prima facie case. *Id.* …Neither Plaintiff's responsive briefing nor her attached declaration offer any specific or material facts to suggest that the positions she applied for from 2010-2012 were held open after she was not hired or that the College continued to seek applicants from other persons with Plaintiff's qualifications.

ECF No. 52 at 9.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

Next, Plaintiff offers evidence not previously before the Court to support her retaliation claim, including: (1) a letter from the EEOC asking the College to arrange an interview with Defendant Olson, and (2) a reference letter written by John Cochran (not a party in this case). ECF No. 56 at 11-13. However, these two pieces of evidence, whether considered individually or together, are still not enough to establish a prima facie case of retaliation under the Washington Law Against Discrimination ("WLAD"). Plaintiff acknowledges that she possesses no evaluations of her work performance completed by Defendant Olson or any other member of the department. ECF No. 56 at ¶ 4. Moreover, the letter from the EEOC referencing Dean Olson is not enough to establish that Plaintiff's filing of the EEOC complaint was a substantial factor motivating the employer's adverse employment action. *See Burchfiel v. Boeing Corp.*, 149 Wash. App. 468, 482 (Ct. App. 2009). This is particularly apparent in this case, when the EEOC complaint was filed almost two years before the alleged retaliatory action. *See Campbell v. State*, 129 Wash. App. 10, 23 (Ct. App. 2005)(close proximity in time between protected activity and adverse employment action may raise inference of improper motive).

For all of these reasons, the Court finds the "newly discovered evidence" offered by Plaintiff does not warrant reconsideration of the prior order granting summary judgment.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration of the Order Granting Defendants' Motion for Summary Judgment, ECF No. 56, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** May 22, 2013.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5